IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| GREAT LAKES CREDIT UNION, ) | |
| ) | C.A.No.6:09-cv-02832-HFF |
| Plaintiff, ) | |
| vs. ) | |
| ) | **FINAL JUDGMENT AND DECREE** |
| ) | **OF FORECLOSURE AND SALE** |
| JOHN CHARLES RECKLING, ) | |
| DEBRA L. RECKLING, ) | |
| NYACOR EAST, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter came before the Court on Plaintiff's Motion for Final Default Judgment against Defendants John Charles Reckling, Debra L. Reckling [the "Reckling Defendants"] and Nyacor East, LLC. [the "Tenant Corporation"]. Upon consideration of the Motion and pertinent portions of the record, the Court finds that a hearing is not required, is otherwise fully advised in the premises and finds as follows.

On October 29, 2009, Plaintiff filed this diversity action for judicial foreclosure of the Property as well as rent, inspection and possession of the 601 W. Wade Hampton Blvd., Greer, South Carolina, 29650 [the "Property"], served upon the Reckling Defendants on November 17, 2009 and upon the Tenant Corporation on November 5, all of whom failed to file responses as required by law.

Upon Plaintiff's prior motion, default was entered by the

Clerk against the Reckling Defendants on December 8, 2009 and against the Tenant Corporation on January 25, 2010, meaning that the Defendants have admitted Plaintiff's well-pled allegations of fact. ***Ryan v. Homecomings Financial Network***, 253 F.3d 778, 781 (4th Cir. 2001) (quoting ***Nishimatsu Constr. Co. v. Houston Nat'l Bank***, 515 F.2d 1200, 1206 (5th Cir. 1975).

Accordingly, per the Complaint, Reckling Defendants executed and delivered a Note to Plaintiff for $1,275,000.00 for which Property was secured as collateral under a Mortgage, Assignment of Rents and Security Agreement executed by the parties on April 17, 2007, but the Reckling Defendants failed to make payments as required by the Instrument, entitling Plaintiff to accelerate the sums due, to which these Defendants have failed to present any affirmative defenses under South Carolina law, which applies in this case. ***Citizens Trust and Savings Bank v. Stackhouse***, *91 S.C. 455, 459; 74 S.E. 977, 978* (*1912 S.C.*) ***Allendale Furniture Co. v. Carolina Commercial Bank***, ***284 S.C. 76,*** *79; 325 S.E.2d 530, 532, (1985 S.C.).*

Defendant Nyacor East LLC [the "Tenant Corporation"] a citizen of Utah, currently occupies the Property, per a commercial lease between itself and the Reckling Defendants, executed April 23, 2007, subordinate to the Mortgage under a Lease Subordination executed by the parties on or about April 5, 2007.

As a matter of law and equity, Plaintiff is entitled to a judgment and decree of foreclosure and any resulting deficiency sought in Count I of the Complaint as to the Note and Mortgage as provided by 28 U.S.C. §2001 *et seq* and any purchaser of the Property is entitled to possession of the Property per Count II of the Complaint. As holder of these instruments, Plaintiff has standing to bring an action on the note or pursue a foreclose action. **U.S. Bank Trust National Association v. Bell**, 385 S.C. 364, 375; 684 S.E.2d 199, 204; (2009 S.C. App.) *citing* **Lever v. Lighting Galleries, Inc.,** 374 S.C. 30, 33, 647 S.E.2d 214, 216 (2007). As the party seeking **foreclosure**, Plaintiff has met its **b**urden of establishing the existence of the debt and the mortgagor's **default** on that debt, to which the mortgagors have failed to establish any defense. **Bell** at 374-75 citing **Bandy v. Bandy,** 187 S.C. 410, 413, 197 S.E. 396, 397 (1938) As holder of the superior mortgage, Plaintiff named all adverse parties claiming interests in the Property to which this action shall be determinative. **Green Tree Servicing, LLC v. Adams**, 375 S.C. 583; 654 S.E.2d 100; 2007 S.C. App.

An acceleration clause in a mortgage confers a contract right upon the note or mortgage holder which it may elect to enforce upon default through a foreclosure action. **Allendale Furniture Co. v. Carolina Commercial Bank**, 284 SC. 76, 77, 325 S.E.2d 530, 531 (1985) and **Hendrix v. Franklin**, **292 S.C. 138,** 355

*S.E.2d 273 1986 (S.C. App.)*

Pursuant to Fed. R. Civ. P. 55, Plaintiff's Motion for Final Default Judgment is granted as Plaintiff is entitled to a final judgment and decree of foreclosure and sale regarding the Property described below and accordingly it is ordered and adjudged as follows:

1. Plaintiff is entitled to entry of a final judgment and decree of foreclosure against the Reckling Defendants who are indebted to Plaintiff in the sum of $1,286.789.29, plus interest upon the principal, accruing at the default interest rate of 11.5% from 2/1/2009, the date of last payment, through date of judgment, plus $31,595.33 for unpaid property taxes which Plaintiff is advancing in order to protect its security interest in the Property, as provided by Plaintiff's Note and Mortgage forming the basis for this action.

2. Plaintiff holds a lien for the total sum of $1,275,000.00 superior to and upon any and all property, rights to property, claim or estate of the Defendants against the Property, located within this District and Division, which is secured as collateral for Plaintiff's Note, per the Mortgage, including fixtures, personal property and rents derived from the Property, more particularly described in the Exhibits attached to Plaintiff's Complaint as follows:

    All that certain piece, parcel or lot of real

> property comprised of +0.668 acres fronting on Wade Hampton Boulevard (U.S. Highway #29) designated as Tract B on that certain plat of survey captioned "Topographic Survey for Ray Shaffer" dated July 25, 2003, prepared Site Design, Inc., said survey being recorded with the Register of Deeds of Greenville County, South Carolina in Plat Book 47-L, Pages 32 A+B. Reference is made to said plat for a metes-and-bounds description of said property.
>
> Said Premises being a party of the same conveyed to Grantor by deed of Enmar Enterprises, Inc., dated February 20, 1998 and recorded on February 26, 1998 in the Greenville County, South Carolina Register's Office in Deed Book 1746 at Page 520.
>
> TMS#G13-1-1,2
>
> PROPERTY ADDRESS: 601 W. Wade Hampton Blvd., Greer, South Carolina, 29650

3. Plaintiff's lien is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of the Defendants and all persons, firms or corporations claiming by, through or under these Defendants or any of them, since the filing of the Lis Pendens.

4. Pursuant to 28 U.S.C. § 2002, the United States Marshal shall cause notice of the public sale of the Property to be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Greenville County, South Carolina, and shall sell the Property at the Courthouse for Greenville County, South Carolina at the usual hour and location for public sale, on any

convenient date set by the Marshal, as stated in the published notice of sale.

5. Under 28 U.S.C. § 566, it is the duty of the United States Marshal to enforce the decree of the United States District Court and under § 564, the Marshal is authorized to exercise the same powers in conducting the sale as the Clerk of Greenville County, or other official customarily conducting foreclosure sales at the Clerk of Court of Greenville County, South Carolina, in order to yield the best sale price of the Property through free, fair, and competitive bidding.

6. If Plaintiff is the successful bidder at the sale, the amount due on its Mortgage may be used as the equivalent of cash. The Marshal and/or Clerk shall credit on the bid of the Plaintiff the total sums found to be due to the Plaintiff, or such portion as may be deemed necessary to pay fully the bid of the Plaintiff.

7. If not the purchaser at sale, then Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if the Plaintiff is not the purchaser of the Property at the sale. If Plaintiff is the purchaser, the Marshal and/or Clerk shall credit the Plaintiff with the total sum advances with interest and cost accruing subsequent to this Judgment or such portion as is necessary to pay the bid in full.

8. In conducting the sale, the Marshal shall require the

highest bidder, other than Plaintiff, to make a cash deposit of five percent (5%) of the bid as earnest money and as evidence of good faith, with the balance of the bid to be paid to Plaintiff, through counsel of record, in cash, certified or cashier's check within ten (10) days after the sale.

9. Should the person making the highest bid at the sale fail to comply with the bid terms by not depositing the five percent (5%) in cash, then the Property shall be resold at such bidder's risk on the same sales date, or some subsequent date, as the Marshal may find convenient and advantageous. Should the last and highest bidder fail to comply with the subsequent bid terms within ten (10) days of the final acceptance of the bid and not tender the balance, the entire deposit shall be forfeited and the Marshal shall re-advertise and resell the property on the same terms and at the bidder's risk on a subsequent sales day, at the same location.

10. Upon full compliance with the terms of sale, the Marshal shall convey title in fee simple to the purchaser, or nominee through the filing of a Marshal's Deed and/or Certificate of Title, in the local land records office, as provided by applicable state law, as well as filing a Report of Sale as soon as possible after the sale and, as provided by applicable state law, the Defendants and all persons claiming under or against it since the filing of the Lis Pendens are foreclosed of all estate,

claim right, title, interest and equity of redemption in the Property and any part of the Property.

11. Upon filing of the Marshalls Deed and/or issuance of Certificate of Title, the sale proceeds shall be applied to Plaintiff's costs and disbursements of this action, to the expenses of sale, including documentary stamps affixed to the Marshal's Deed if applicable, the total sum due to Plaintiff less the items paid, plus interest at the rate prescribed by law in this state from this date to the sale date, retaining any remaining proceeds pending further order of the Court.

12. Plaintiff or any other purchaser at the foreclosure sale is granted possession of the Property, its improvements, fixtures and other contents and the Marshal, his or her deputies and agents, are authorized and directed to take any and all action to remove any persons and their belongings from the Property. The Defendants, occupants of the Property, and all others shall vacate the Property at the direction of the Marshal and shall not commit waste, damage or vandalism against the Property or do anything to impair its value, and violation of these conditions will be punishable by contempt of Court.

13. The Court retains jurisdiction to issue further judgments and orders as are proper, including determination of further attorneys' fees and costs due to Plaintiff as a result of this foreclosure action as well as entry of an applicable

deficiency judgment.

　　　　IT IS SO ORDERED this 22nd day of February, 2010.

　　　　　　　　　　　　　　**S/Henry F. Floyd**
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　DISTRICT OF SOUTH CAROLINA
　　　　　　　　　　　　　　GREENVILLE DIVISION